FILED

2011 NOV -4 AM 9: 22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LATOYA JOHNSON,
    Plaintiff,
v.

Case No:

3:11-CV-1083-J-20JRK

CAPITAL ONE, NATIONAL ASSOCIATION,
successor by merger to Capital One Auto Finance,
Inc. and CAPITAL ONE AUTO FINANCE, INC.,
    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Latoya Johnson, by and through undersigned counsel, sues Defendants, Capital One, National Association, and Capital One Auto Finance, Inc. and states:

1. Plaintiff, Latoya Johnson, is a resident of Jacksonville, Duval County, and is a citizen of Florida.

2. Defendant, Capital One Auto Finance, Inc. ("COAF") was a corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas. In March, 2011, COAF merged with its then-parent company, Capital One, N.A., ("Capital One") as set forth in the document from the Secretary of State of Texas attached hereto as Exhibit "A" and by reference made a part hereof. Capital One is a banking corporation organized under the laws of the United States with its principal place of business in the State of Virginia, as is its holding company, Capital One Financial Corporation (NYSE:COF). Defendants will be sometimes be collectively referred to herein as "Capital One."

3. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332, or $75,000.00.

1

4. This action also arises under the provisions of 15 U.S.C. §1681, et seq., ("FRCA") as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA") and the regulations issued thereunder, and thus the Court has jurisdiction pursuant to 28 U.S.C. §1331. Jurisdiction over supplemental state-law claims is proper under 28 U.S.C. §1367.

5. On or about October 2010, Plaintiff, who all material times had excellent credit, with a FICO score approaching 800, applied for a car loan online with Defendant COAF. The loan was approved. Plaintiff had previously received a credit card from Capital One, was a customer of Capital One, and her account was in good standing.

6. At all material times, Defendant COAF hired a number of persons to receive and process loan applications who were given access to confidential data in loan applications and in Defendants' databases, including confidential identity data of the Plaintiff.

7. At all material times, it was the policy of Capital One that:

> The security of our customers' information is of the highest priority to us. Capital One employs an extensive security program supported by board approved security policy and standards. We strive to go beyond industry standards and best practices. What's more, we have processes in place to constantly review and improve controls to stay ahead of new and upcoming threats and security concerns.

A copy of the 'Online Security Frequently Asked Questions" quoted in part above is attached hereto as Exhibit "B" and by reference made a part hereof.

8. Plaintiff's confidential data was appropriated by an employee and agent of COAF who commenced an unregulated, uncontrolled, and damaging spree with Plaintiff's identity.

9. Capital One failed to do the following:

   (a) Adequately screen its employees and agents before hiring;

   (b) Adequately supervise and monitor its employees and agents;

   (c) Provide adequate systems and monitoring to ensure that computer data could not be "hacked" or otherwise intercepted or purloined; and

   (d) Otherwise take measures to comply with federal and state laws, rules and regulations, the guidance of federal regulators, the dictates of prudence, and its duty to treat its customer's identity data in a fiduciary manner as expressed and advertised in its security and privacy policies, including Exhibit "B";

10. As a consequence of the failures of Capital One as set forth in the foregoing paragraph, Plaintiff suffered, *inter alia,* the following damages, which are continuing and are unlikely to abate for years, if ever:

   (a) Various fraudulent accounts were opened in Plaintiff's name at various companies, including Macy's, Kohl's, American Airlines (Citibank), AT&T (cell phone), Sam's Club, and numerous charges were made on those accounts;

   (b) In an attempt to prevent further fraudulent activity, Plaintiff closed the previously-issued Capital One credit card described in paragraph five (5) and requested that a new card be reissued and sent to her in Florida. However, Capital One's employee and agent managed to redirect the card to the employee's and agent's Texas address where she went on the shopping spree more particularly detailed in the Capital One Fraud Information Form attached hereto as Exhibit "C" and by reference made a part hereof. Despite Capital

3

One's security practices which are claimed to be "beyond industry standards and best practices," the fraudulent activity continued without any effort on Capital One's part to stop it;

(c) Capital One's employee and agent then proceeded to contact various banks including Nordstrom, Barclay's, Bank Of America, GE Money, BBVA Compass, World Financial Network National Bank, and HSBC, in an attempt to set up fraudulent accounts, which were successful in the case of Bank Of America, GE Money, BBVA Compass and World Financial Network;

(d) After notification by Plaintiff to Experian, among other credit reporting agencies, of the identity theft, Capital One permitted its employee and agent to change the security alert through techniques apparently learned while working for Capital One, including the telephone number (fraudulently obtained through AT&T) so that she could continue using Plaintiff's identity;

(e) Plaintiff has lost time from her work as a nurse, has been required to spend innumerable hours cleaning up the disastrous mess created by Capital One, and has been required to retain the undersigned attorney to assist her in her fight to clear her good name and identity;

(f) Plaintiff's excellent credit has been defamed and her credit diminished;

(g) Plaintiff has suffered other, similar and related damages and detriment, which damages are continuing and will continue in the future.

11. When Plaintiff became aware of the identity theft in January 2011, she immediately contacted Capital One, the credit reporting agencies, various creditors, and the police.

12. Notwithstanding that Defendant COAF became aware of the conduct of its employee in January 2011, it did virtually nothing to assist the Plaintiff, nor did COAF or Capital One comply with the Fair Credit Reporting Act, except to send Plaintiff a letter dated May 2, 2011, a copy of which is attached hereto as Exhibit "D" and by reference made a part hereof, primarily detailing all that Plaintiff should do to attempt to mitigate her damages. Mr. James McFadden, Vice President, Chief Privacy Officer opines at page 3 of Exhibit "D" that, "[W]e remain committed to maintaining high standards for customer data security and want to assure you that we are taking appropriate steps to protect the personal information of our customers."

## COUNT I-DEFAMATION OF CREDIT

13. Plaintiff realleges the provisions of paragraphs one through 12 as though fully set forth herein and by reference makes them a part hereof.

14. Capital One had a duty to persons applying for credit, including the Plaintiff, to insure that their personal confidential information would be kept secure and not accessible for any purposes except for the application for credit or legitimate related business matters to prevent identity theft and defamation of credit.

15. Capital One breached its duty to Plaintiff as set forth in Paragraph 8-9 above, which breaches caused the damages more particularly set forth in paragraph 10 above, including defamation of Plaintiff's excellent credit.

16. The conduct of Capital One was intentional, or was grossly negligent, or was done with a reckless disregard of the rights of Plaintiff, entitling Plaintiff to an award of exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendants for actual and exemplary damages, plus its costs, pre-and post judgment interest, and its attorney's fees in this matter.

### COUNT II-IDENTITY THEFT

17. Plaintiff realleges the provisions of paragraphs one through 12 as though fully set forth herein and by reference makes them a part hereof.

18. Capital One had a duty to persons applying for credit, including the Plaintiff, to insure that their personal confidential information would be kept secure and not accessible for any purposes except for the application for credit or legitimate related business matters to prevent identity theft, as promoted and advertised in Exhibit "B".

19. Capital One breached its duty to Plaintiff as set forth in paragraphs eight and nine above, which breaches caused the damages more particularly set forth in paragraph 10 above, including but not limited to the defamation of Plaintiff's excellent credit.

20. The conduct of Capital One was grossly negligent, or was done with a reckless disregard of the rights of Plaintiff, entitling Plaintiff to an award of exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendants for actual and exemplary damages, plus its costs, pre-and post judgment interest, and its attorney's fees in this matter.

### COUNT III- BREACH OF FIDUCIARY DUTY

21. Plaintiff realleges the provisions of paragraphs one through 12 as though fully set forth herein and by reference makes them a part hereof.

22. Because of Plaintiff's prior business relationship with another member of the Capital One family of companies, and because COAF and Capital One knew it had a duty to the Plaintiff to diligently guard her personal confidential data free from identity theft as set forth, *inter alia,* in Exhibit "B", COAF, Capital One and Plaintiff enjoyed a relationship whereby Plaintiff reposed her trust and confidence in them to protect her confidential personal information.

23. COAF and Capital One willingly undertook such a trust so that it might finance a vehicle for the Plaintiff, from which it earned a profit.

24. COAF and Capital One breached their fiduciary duties to the Plaintiff in the manner described in paragraphs eight and nine above, causing Plaintiff to suffer the damages more particularly set forth in paragraph 10 above.

25. The breaches of fiduciary duty were intentional, or were grossly negligent, or were done with a reckless disregard of the rights of Plaintiff, entitling Plaintiff to an award of exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendants for actual and exemplary damages, plus its costs, pre-and post judgment interest, and its attorney's fees in this matter.

### COUNT IV-BREACH OF CONTRACT

26. Plaintiff realleges the provisions of paragraphs one through 12 as though fully set forth herein and by reference makes them a part hereof.

27. The application for credit by Plaintiff, and the acceptance of the application by COAF, created a contract between the parties.

28. Plaintiff has performed all its obligations under the contract and all conditions precedent to the bringing of this action have been performed or have occurred.

29. COAF breached the contract with Plaintiff by its conduct and failures more particularly set forth in paragraph 8 above; and, by its breach of the implied covenant of good faith and fair dealing between the parties.

30. As a consequence of Defendant COAF's breaches of the contract, Plaintiff has suffered the damages more particularly set forth in the paragraphs eight through 10 above.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, plus its costs, pre-and post judgment interest, and its attorney's fees in this matter.

## COUNT V-FAILURE TO COMPLY WITH THE FAIR CREDIT REPORTING ACT (FRCA) AND THE FAIR AND ACCURATE CREDIT ACT OF 2003 (FACTA)

31. Plaintiff realleges the provisions of paragraphs one through 12 as though fully set forth herein and by reference makes them a part hereof.

32. At all material times, Defendants were subject to the provisions of FRCA and FACTA in reporting to various credit reporting agencies and ensuring that identity theft would be ameliorated.

33. Capital One has failed to comply, *inter alia,* with the provisions of Sections 605A and 605B of FRCA and the provisions of Subtitle B of Title I of FACTA regarding its duties and obligations as to a victim of identity theft.

34. As a result of the failures of Defendants to timely comply with FCRA and FACTA, Plaintiff has suffered the damages set forth in paragraph 10 above, statutory damages, and has incurred attorney's fees recoverable under the aforesaid statutes.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, plus its costs, pre-and post judgment interest, and its attorney's fees in this matter.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiffs' Complaint and Demand for Jury Trial will be served via process server upon Defendants.

Respectfully submitted,

**DALE CARSON LAW**

*/s/ Shannon H. Padgett*
**DALE C. CARSON, ESQUIRE**
Florida Bar No.: 468428
Email: xfbiagent@gmail.com
**SHANNON H. PADGETT, ESQUIRE**
Florida Bar No.: 613851
Email: shpadgett@yahoo.com
233 East Bay Street, Suite 1101
Jacksonville, Florida 32202
(904) 355-6777 *tel*
(904) 355-6738 *fax*
Attorneys for Plaintiff